UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| vs. | § | NO:  WA:18-CR-00257(11)-ADA |
| | § | |
| (11) COREY ALLEN KUSSMAUL | § | |

**ORDER ACCEPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the court is the above styled and numbered cause.  On  October 5, 2023

the United States Probation Office filed a Petition For Warrant or Summons For

Offender Under Supervision for Defendant (11) COREY ALLEN KUSSMAUL, which

alleged that Kussmaul violated a condition of his supervised release and recommended

that Kussmaul 's supervised release be revoked (Clerk's  Document No. 929).  A warrant

issued and Kussmaul was arrested.  On October 16, 2023, Kussmaul appeared before a

United States Magistrate Judge, was ordered detained, and a revocation of supervised

release hearing was set..

Kussmaul appeared before the magistrate judge on October 31, 2023, waived his

right to a preliminary hearing and to be present before the United States District Judge at

the time of modification of sentence, and consented to allocution before the magistrate

judge.  Following the hearing, the magistrate judge signed his report and

recommendation on October 31, 2023, which provides that having carefully considered

all of the arguments and evidence presented by the Government and Defendant, based on

the original offense and the intervening conduct of Kussmaul, the magistrate judge

recommends that this court revoke Kussmaul supervised release and that Kussmaul be

sentenced to imprisonment for SIX (6) months with credit for time served, with a term of

THREE (3) YEARS of supervised  release to follow the term of imprisonment  (Clerk's

Document  No. 943).   The Magistrate Judge recommends that all original special

conditions remain, and the following special conditions be added:

The defendant shall reside at Salvation Army Halfway House for a period of time
to not exceed one hundred and eighty (180) days, to commence at a date to be
determined by the Probation Officer. In addition, the defendant shall abide by the
rules of the Residential Re-Entry Center. Further, once employed, the defendant
shall pay 25% of his weekly gross income for his subsistence as long as that
amount does not exceed the daily contract rate.

The defendant shall participate in a substance abuse treatment program and follow
the rules and regulations of that program. The program may include testing and
examination during and after program completion to determine if the defendant
has reverted to the use of drugs. The probation officer shall supervise the
participation in the program (provider, location, modality, duration, intensity,
etc.). During treatment, the defendant shall abstain from the use of alcohol and
any and all intoxicants. The defendant shall pay the costs of such treatment if
financially able.

The defendant shall not use or possess any controlled substances without a valid
prescription. If a valid prescription exists, the defendant must disclose the
prescription information to the probation officer and follow the instructions on the
prescription. The defendant shall submit to substance abuse testing to determine if
the defendant has used a prohibited substance. The defendant shall not attempt to
obstruct or tamper with the testing methods.The defendant shall pay the costs of testing if
financially able.

The defendant shall not use or possess alcohol.

The defendant shall not knowingly purchase, possess, distribute, administer, or otherwise
use any psychoactive substances (e.g., synthetic marijuana, bath salts,
etc.) that impair a person's physical or mental functioning, whether or not
intended for human consumption.

A party may serve and file specific, written objections to the proposed findings and recommendations of a magistrate judge within fourteen days after being served with a copy of the report and recommendation, and thereby secure a *de novo* review by the district court. *See* 28 U.S.C.§ 636(b); Fed. R. Civ. P. 72(b). A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation in a report and recommendation bars that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Services Auto Ass'n,* 79 F.3d1415 (5th Cir. 1996) *(en bane).* The parties in this cause were properly notified of the consequences of a failure to file objections.

On October 31, 2023, following the hearing on the motion to revoke supervised release, all parties signed a Waiver Of Fourteen Day Rule For Filing Objections To Report and Recommendation OfUnited States Magistrate Judge (Clerk's Document No. 942). The court, having reviewed the entire record and finding no plain error, accepts and adopts the report and recommendation filed in this cause.

**IT IS THEREFORE ORDERED** that the Report and Recommendation of the United States Magistrate Judge filed in this cause (Clerk's Document No. 943 ) is hereby ACCEPTED AND ADOPTED by this court.

**IT IS FURTHER ORDERED** that Defendant (11) COREY ALLEN KUSSMAUL's term of supervised release is hereby REVOKED.

**IT IS FURTHER  ORDERED** that Defendant (11) COREY ALLEN KUSSMAUL

be imprisoned for SIX (6)months with a term of supervised release of  THREE (3) YEARS to

follow the term of imprisonment.   All prior conditions of supervised release are reimposed and

the following special conditions shall be added:

The defendant shall reside at Salvation Army Halfway House for a period of time
to not exceed one hundred and eighty (180) days, to commence at a date to be
determined by the Probation Officer. In addition, the defendant shall abide by the
rules of the Residential Re-Entry Center. Further, once employed, the defendant
shall pay 25% of his weekly gross income for his subsistence as long as that
amount does not exceed the daily contract rate.

The defendant shall participate in a substance abuse treatment program and follow
the rules and regulations of that program. The program may include testing and
examination during and after program completion to determine if the defendant
has reverted to the use of drugs. The probation officer shall supervise the
participation in the program (provider, location, modality, duration, intensity,
etc.). During treatment, the defendant shall abstain from the use of alcohol and
any and all intoxicants. The defendant shall pay the costs of such treatment if
financially able.

The defendant shall not use or possess any controlled substances without a valid
prescription. If a valid prescription exists, the defendant must disclose the
prescription information to the probation officer and follow the instructions on the
prescription. The defendant shall submit to substance abuse testing to determine if
the defendant has used a prohibited substance. The defendant shall not attempt to
obstruct or tamper with the testing methods. The defendant shall pay the costs of testing if
financially able.

The defendant shall not use or possess alcohol.

The defendant shall not knowingly purchase, possess, distribute, administer, or
otherwise use any psychoactive substances (e.g., synthetic marijuana, bath salts,
etc.) that impair a person's physical or mental functioning, whether or not
intended for human consumption.

Signed this 1st day of November, 2023.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE